## The People of the State of Illinois v. James Goggin.

1. MANDAMUS—*Power of the Court Over.*—After an alternative writ of mandamus was issued and served, this court, upon examination of the record, refused the peremptory writ and dismissed the petition.

**Petition for Mandamus.**—Original proceedings. Heard at the October term, 1896. Petition dismissed.

BULKLEY, GRAY & MORE, attorneys for petitioner.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a petition on the relation of Sophia J. Shattuck for a mandamus upon the defendant, a judge of the Superior Court of Cook County, requiring him to sign a bill of exceptions in a case lately—it is said—tried before him, wherein James Babcock, and others named, were plaintiffs and the relator was the defendant. To give this court jurisdiction, the petitioner avers that she has sued out a writ of error for the purpose of reversing the judgment against her in that case, "and that it is necessary in order

to properly present said cause for review in this court that " she " should have a bill of exceptions."

The alternative writ has been issued and served upon the defendant, and no answer made.   Now the relator asks for a peremptory writ.

Before issuing it, we deemed it best to see for ourselves whether the record of this court justified what is said about it in the petition.

We find that, October 5, 1896, the relator filed here a praecipe asking the clerk of this court to issue a writ of error and a *scire facias* in a case of herself against the said Babcock and others; that no writ of error has been taken out; that a *scire facias* was issued October 7, 1896; that no record from the Superior Court has been filed.

October 6, 1896, the day after the praecipe was filed, and the day before the *scire facias* was issued, this petition was filed.   We can not tell, in the absence of any record from the Superior Court, whether such a bill of exceptions as the relator desires would have any reference to the case in which she has filed a praecipe.

Whether it would have any such reference is a matter for judicial determination—not of averment by the relator. Our jurisdiction depends upon it.   People v. Hawes, 124 Ill. 569.

The case in which she filed a praecipe may have been ejectment or replevin, so far as anything in this court shows, while she wants a bill of exceptions in an action of assumpsit.   Perhaps she will never bring a record.

The alternative writ was issued without jurisdiction, and the case is dismissed.